UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DANIEL POWELL, | Case No. 26-cv-01083-LB |
| Plaintiff, | |
| v. | **SCREENING ORDER** |
| CITY AND COUNTY OF SAN FRANCISCO, et al., | Re: ECF No. 1 |
| Defendants. | |

**INTRODUCTION**

Plaintiff Daniel Powell, who is representing himself and proceeding in forma pauperis, sued Glide Church and San Francisco government defendants for injuries he suffered on November 9, 2023, after a Glide Church employee allegedly assaulted him when he was in the public line for lunch at Glide Church. He claims a violation of his rights under federal and state law.[1] There is no federal-question jurisdiction because there are no state actors, a requirement under 42 U.S.C. § 1983, and the other cited federal statutes implicating assault do not create a claim. 28 U.S.C. § 1331. There is no diversity jurisdiction: all parties are citizens of California. *Id.* § 1332(a). By March 2, 2026, the plaintiff may file a supplement to his complaint with facts about jurisdiction or

---

[1] Compl. – ECF No. 1 at 1–4, 7. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 26-cv-01083-LB

a one-page dismissal of the case without prejudice to his pursuing claims in state court. If he does not, the case may be dismissed without prejudice to filing a case in state court.

## STATEMENT

On November 9, 2023, the plaintiff was standing in the public line for lunch at Glide Church in San Francisco. Then,

> [a] Glide employee started verbally abusing Plaintiff, then when confronted, the Glide employee told Plaintiff to get out of the line, after further escalation (nothing violent or remotely threatening), Glide employee sucker-punched Plaintiff sufficient to cause injury. Furthermore, the Glide employee subject went to inform Plaintiff that he "could've did you while you was down;"

> Additionally, the other defendants activities were between 9/2021-3/2022

> Case Number CGC-24-616743

> Gross Negligence, Malpractice, Fraud, Malice, HATE

> And Case Number CCH-25-587847 connects to case CGC-25-622758 for Further Regard to Municipal Defendants CCSF.[2]

The plaintiff suffered "bruising to the legs limiting movement for some time, and Spiritual & Psychological (Profound)" injuries.[3]

The complaint alleges that these facts constitute violations of 42 U.S.C. § 1983, 18 U.SC. § 113 (a criminal statute prohibiting assault in the special maritime and territorial jurisdiction of the United States), other criminal statutes, and state laws addressing negligence, malice, and hate. The plaintiff requests billions in damages.[4]

## ANALYSIS

Before a court can direct the U.S. Marshal to serve — under Fed. R. Civ. P. 4(c)(3) — the complaint of a person proceeding in forma pauperis under 28 U.S.C. § 1915(a), the court must determine whether the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

---

[2] *Id.* at 4 (cleaned up).

[3] *Id.* at 5 (capitalizations omitted).

[4] *Id.* at 3, 5.

ORDER – No. 26-cv-01083-LB　　　　　　　　2

28 U.S.C. § 1915(e)(2)(B). Federal courts must construe pro se complaints liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). A pro se plaintiff need only provide defendants with fair notice of his claims and the grounds upon which they rest. *Hearns*, 413 F.3d at 1043. He need not plead specific legal theories so long as sufficient factual averments show that he may be entitled to some relief. *Id.* at 1041.

There are two ways to establish jurisdiction: federal-question jurisdiction and diversity jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal-question jurisdiction exists if the case "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For diversity jurisdiction, the opposing parties must be citizens of different states, and the amount in controversy must exceed $75,000. *Id.* § 1332(a); *Caterpillar*, 519 U.S. 61 at 68.

The court lacks federal-question and diversity jurisdiction. There is no diversity jurisdiction because the parties are all citizens of California. 28 U.S.C. § 1332(a). There are no state actors, a requirement for any claim under 42 U.S.C. § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The plaintiff cites federal criminal statutes that do not apply and in any event do not create a private right of action. *Bennett v. Newsom*, No. 23-cv-05905-JSC, 2024 WL 1559997, at *5 (N.D. Cal. Apr. 9, 2024). An issue is timeliness: a two-year statute of limitations applies to federal § 1983 claims. The events took place on November 9, 2023, and the case was filed on February 4, 2026. *Lockett v. County of Los Angeles*, 977 F.3d 737, 740 (9th Cir. 2020).

The plaintiff cites other lawsuits without providing any context.[5] The *Rooker-Feldman* doctrine deprives federal district courts of subject-matter jurisdiction over suits that are "de facto appeals" of state-court judgments. *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415–16 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). The doctrine bars jurisdiction when a federal plaintiff (1) asserts injury caused by a state-court judgment and (2) seeks federal-court review and rejection of that judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In the Ninth Circuit, the doctrine applies to claims "inextricably intertwined" with a state-court judgment, such that success on the federal claim would effectively nullify the state judgment or conclude that

---

[5] *See supra* Statement.

it was wrong. *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003); *see also Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003) (barring § 1983 claim challenging state appellate procedures as due-process violation because it invited review of a state judgment). Given the lack of federal jurisdiction over the case, the court defers consideration of the state cases until the plaintiff addresses federal-question and diversity jurisdiction.

## CONCLUSION

By March 2, 2026, the plaintiff may file a supplement with additional facts establishing jurisdiction or file a one-page dismissal of his case without prejudice, allowing him to pursue the case in state court. If he does not, his case may be dismissed without prejudice to pursuing any claims in state court.

**IT IS SO ORDERED.**

Dated: February 12, 2026

LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California

ORDER – No. 26-cv-01083-LB                4